# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JUDAH HARGROVE,
    Petitioner,

vs.

OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION,
    Respondent.

Civil Action No. 1:08-cv-669

Spiegel, J.
Black, M.J.

REPORT AND
RECOMMENDATION

Petitioner Judah Hargrove brings this case *pro se* seeking a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition (Doc. 1), petitioner's motions to amend the petition (Docs. 9, 11), petitioner's amended petition (Doc. 14), respondent's motion to dismiss (Doc. 17), petitioner's motion for summary judgment (Doc. 18), and petitioner's "Amended Petition II for Writ of Habeas Corpus" filed on May 14, 2009. (Doc. 20).

## I. PROCEDURAL HISTORY

### State Court Proceedings

In April 1996, the Hamilton County Grand Jury indicted petitioner on one count of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(3) and one count of drug abuse as defined in Ohio Rev. Code § 2925.11(A). (Doc. 17, Exh. 1). A jury found petitioner guilty as charged, and on October 29, 1996, petitioner was sentenced to consecutive terms of ten to twenty-five years for aggravated burglary and two years for drug abuse to be served consecutively. (Doc. 17, Exh. 2).

On direct appeal, the First District Court of Appeals, Hamilton County, Ohio affirmed the judgment of the trial court. (Doc. 17, Exh. 5). Petitioner did not timely appeal his conviction to the Supreme Court of Ohio.

Petitioner's subsequent *pro se* application to reopen his appeal under Ohio App. R. 26(B) based on the ineffective assistance of appellate counsel was overruled by the Ohio Court of Appeals on September 24, 1998. (Doc. 17, Exh. 8). The Supreme Court of Ohio dismissed petitioner's appeal as not involving any substantial constitutional question. (Doc. 17, Exh. 11).

## Federal Court Proceedings

On January 28, 2000, petitioner, with the assistance of counsel, filed a federal petition for a writ of habeas corpus challenging the sufficiency of the evidence on petitioner's aggravated robbery conviction. *See Hargrove v. Haviland*, Case No. 1:02-cv-703, 2005 WL 1379093, at *1 (S.D. Ohio 2005). The petition was dismissed without prejudice for failure of exhaustion. *Id.* Following exhaustion of his state court remedies,[1] petitioner, through counsel, filed a petition for habeas corpus asserting insufficient evidence to support his conviction for aggravated burglary. On February 16, 2005, the Magistrate Judge issued a Report and Recommendation that the petition be granted unless the Hamilton County Court of Common Pleas retried petitioner on the charge of aggravated burglary or, alternatively, modified his conviction to burglary and imposed the appropriate sentence for the crime of burglary. *Id.* at *6. The Report and Recommendation was adopted by the District Judge on June 8, 2005. *See Hargrove v. Haviland*, Case No. 1:02-cv-703, 2005 WL 1379098 (S.D. Ohio June 8, 2005) (Spiegel, J.).

## State Court Proceedings After Habeas Corpus

---

[1] The complete procedural history is set forth in *Hargrove v. Haviland*, Case No. 1:02-cv-703, 2005 WL 1379093, at *1-3 (S.D. Ohio Feb. 16, 2005) and will not be repeated here.

Pursuant to the Order from the U.S. District Court, petitioner was returned to the Hamilton County Court of Common Pleas for re-sentencing. The trial court reduced petitioner's sentence on Count 1 to a term of five to fifteen years incarceration. On Count 2, petitioner was sentenced to serve a concurrent term of two years. The entry was journalized on August 31, 2005. (Doc. 17, Exh. 18). On April 6, 2006, the court entered a *nunc pro tunc* entry specifically indicating that Count 1 of the indictment, originally charged as Aggravated Burglary, had been reduced to the lesser-included offense of Burglary. The terms of incarceration remained the same and credit was given for time-served. (Doc. 17, Exh. 19). Petitioner did not appeal this sentence.

On December 11, 2006, petitioner was provided early release from prison and placed on parole for one year under the supervision of the Ohio Adult Parole Authority (APA). (Doc. 17, Exh. 20). Petitioner executed his Conditions of Supervision agreement on December 13, 2006. (Doc. 17, Exh. 21).

Petitioner violated his parole, and on May 29, 2007, the APA formally notified petitioner of his specific violations and of his violation hearing scheduled for June 20, 2007. (Doc. 17, Exh. 22). On June 1, 2007, the APA declared petitioner a "violator at large" and notice of petitioner's status was provided to the Butler County Prosecutor. (Doc. 17, Exh. 23). On August 15, 2007, a Butler County Grand Jury indicted petitioner on one count of Escape in violation of Ohio Rev. Code § 2921.34(A)(1). (Doc. 17, Exh. 24, Case No. CR2007-08-1356).

On August 20, 2007, the APA notified petitioner that his release violation hearing from June 2007 was re-scheduled for September 4, 2007. (Doc. 17, Exh. 25). Following the hearing, petitioner's parole was revoked and he was ordered to return to prison for a post-revocation

hearing. (Doc. 17, Exh. 26).

On July 29, 2009, petitioner pled guilty to the escape charge. *See State of Ohio v. Hargrove*, CR 2007-08-1356 (Butler County Com. Pls. 7/29/09).[2]

## II. THE ORIGINAL PETITION FOR A WRIT OF HABEAS CORPUS SHOULD BE DENIED AS WITHOUT MERIT.

On September 26, 2008, petitioner filed the instant habeas corpus petition *pro se* setting forth the following grounds for relief:

> **GROUND ONE**: The Relator states his placement under post-release after his release from prison Dec. 11, 2006 is illegal.
>
> **Supporting Facts**: Where the trial court re-sentencing the prisoner violated his right of allocution; his right to be present at re-sentencing hearing; when the new sentence was actually imposed, trial court's jurisdiction became void, thereby leaving no scintilla of authority which another (separate) governmental entity could think to seize and weld over him unquestioned.
>
> **GROUND TWO**: The Relator states the detainers imposed upon him by the Department of Rehabilitation and Corrections are illegal and prevent him from posting bail.
>
> **Supporting Facts**: Even assuming Mr. Hargrove's placement back into the jurisdiction of the Ohio Department of Rehabilitations and Corrections was pursuant to a lawful sentencing order, thus authorizing the hearing officer's actions revoking the Relator's parole for minor technical violations on November 4, 2007, notwithstanding this hypothetical, the relator still would be in possession of a justifiable claim. According to O.R.C. §2967.28(F)(3) (and 5120:1-1-43 of the Administrative Rules which govern state prisoners, a violator shall serve no more than 9 months.

(Doc. 1).

Petitioner's first ground for relief is based on the premise that the state court lacked jurisdiction to re-sentence him because the court violated his right of allocution when it re-

---

[2] *See* http://www.butlercountyclerk.org/pa/pa.urd/pamw2000-docket_lst?14222332

4

sentenced him outside of his presence. According to petitioner, since the court was without jurisdiction, then the Ohio Department of Rehabilitation and Ohio Adult Parole Authority likewise lacked jurisdiction to return him to prison for any parole violation. (Doc. 1, Exh. 1 at 2).

Not only has petitioner neglected to exhaust this claim by not filing a direct appeal following his re-sentencing, any alleged failure of the trial court to afford petitioner allocation before re-sentencing is not a constitutional error that may be remedied through a federal habeas corpus proceeding.[3] "Regardless of what Ohio law provides by rule, or what common law provided before that, the fact remains that there is no right to allocution under the federal constitution." *Goff v. Bagley*, No. 1:02-cv-307, 2006 WL 3590369, at *33 (S.D. Ohio Dec. 1, 2006) (citing *Hill v. United States,* 368 U.S. 424, 428 (1962); *Cooey v. Coyle,* 289 F.3d 882, 912 (6th Cir. 2002); *United States v. Waters,* 158 F.3d 933, 943 (6th Cir. 1998); *Pasquarille v. United States,* 130 F.3d 1220, 1223 (6th Cir. 1997); *United States v. Coffey,* 871 F.2d 39, 40 (6th Cir. 1989)). It is well-settled that there is no federal constitutional right to allocution at sentencing or at re-sentencing. *See Pasquarille,* 130 F.3d at 1223; *see also United States v. Rudolph,* 190 F.3d 720, 729 (6th Cir. 1999) (holding that a prisoner challenging his federal sentence has "no constitutional or statutory right of presence or allocution at resentencing following a § 2255 proceeding").[4] Therefore, petitioner's claims, which are primarily based on

---

[3] Because the exhaustion requirement is not jurisdictional, an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(2). *See also Granberry v. Greer*, 481 U.S. 129 (1987).

[4] *Cf. Doucet v. Lecureux,* 72 F.3d 130 (table), No. 95-1394, 1995 WL 723185, at * *2 (6th Cir. Dec. 6, 1995) (unpublished) (and cases cited therein) (because the state prisoner did not have a constitutionally guaranteed right to allocution at sentencing, his claims were not cognizable in a federal habeas proceeding); *Harrelson v. Trippett,* 67 F.3d 299 (table), No. 95-1199, 1995 WL 579571, at * *9 n. 5 (6th Cir. Oct. 2, 1995) (unpublished) (and cases cited there) (noting on federal habeas corpus review of a state conviction that even if the petitioner were entitled to re-sentencing under state law based on a denial of allocution, such error was "not an error of Constitutional dimension and could not support a writ of habeas corpus"), *cert. denied,* 516 U.S. 1081 (1996); *Scrivner v. Tansy,* 68 F.3d 1234, 1240 (10th Cir.1995) (and cases cited therein), *cert. denied,* 516 U.S. 1178 (1996); *Price v. Marberry,* No. Civ. 04-CV-74953-DT, 2005 WL 1342956, at *2 (E.D. Mich. May 18, 2005) (unpublished).

a perceived error of state procedural law, are not cognizable in this federal habeas corpus proceeding. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991).

In addition, Grounds One and Two of the petition are based on petitioner's mistaken belief that he was subject to post-release control, and not parole, after his re-sentencing. Petitioner erroneously argues that under the post-release control provisions of Ohio law, he was subject to a maximum penalty of nine months imprisonment for his "minor technical" violation of the conditions of his release. (Doc. 1, Exh. 2 at 11, citing Ohio Rev. Code § 2967.28(F)(3)). However, petitioner was not eligible to serve on post-release control since the underlying crimes upon which he was convicted and sentenced were committed prior to July 1, 1996, the effective date of the amendments to Ohio's sentencing statute. *See* Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7573; *State v. Thompson*, 102 Ohio St.3d 287, 289, 809 N.E.2d 1134, 1136 (2004).

Petitioner's status as a "parolee" is dependent upon the date of the commission of his underlying offenses. *Thompson*, 102 Ohio St.3d at 289, 809 N.E.2d at 1136. The Ohio Revised Code provides:

> (A) Chapter 2967. of the Revised Code, as it existed prior to July 1, 1996, applies to a person upon whom a court imposed a term of imprisonment prior to July 1, 1996, *and a person upon whom a court, on or after July 1, 1996, and in accordance with law existing prior to July 1, 1996, imposed a term of imprisonment for an offense that was committed prior to July 1, 1996.*
>
> (B) Chapter 2967. of the Revised Code, as it exists on and after July 1, 1996, applies to a person upon whom a court imposed a stated prison term for an offense committed on or after July 1, 1996.

Ohio Rev. Code § 2967.021 (emphasis added).

Petitioner committed his crimes before July 1, 1996, and was given an indeterminate

sentence in accordance with the pre-July 1, 1996 sentencing statute.[5] (Doc. 17, Exhs. 2, 18, 19, 28). He was placed on "parole" when released from prison on December 11, 2006. (Doc. 17, Exh. 20). Therefore, the amended sentencing provisions providing for post-release control are inapplicable and do not implicate his re-sentencing or the punishment he received for violating his parole.

Thus, Grounds One and Two of the petition are without merit and the petition for a writ of habeas corpus should be denied.

## III. THE MOTIONS TO AMEND THE PETITION SHOULD BE DENIED.

Petitioner has filed two motions to amend the petition for a writ of habeas corpus. The first seeks to add a claim alleging the denial of the right to a speedy trial based on the Escape indictment out of Butler County, Ohio. (Doc. 9). The amendment should be denied as futile because petitioner's guilty plea forecloses the speedy trial claim petitioner seeks to bring. Claims about the deprivation of constitutional rights that occur before the entry of a guilty plea are foreclosed by that plea. *See United States v. Broce,* 488 U.S. 563, 569 (1989); *Tollett v. Henderson,* 411 U.S. 258, 267 (1973). A voluntary guilty plea waives all non-jurisdictional defects in the proceedings. *United States v. Ormsby,* 252 F.3d 844, 848 (6th Cir. 2001); *United*

---

[5] As the Sixth Circuit recently explained:

> Under Ohio's former sentencing law, Ohio inmates were given an indeterminate sentence comprised of a minimum and a maximum sentence. An inmate became eligible for parole after serving his or her minimum sentence, minus credit for good behavior. Parole decisions were delegated to the Ohio Adult Parole Authority. . . . It determined when release was appropriate for each inmate. In 1995, Ohio adopted a new sentencing system for crimes committed after July 1, 1996. *See* Ohio Rev. Code § 5120 *et seq.* Under the new law, indeterminate sentences were abandoned in favor of fixed terms of incarceration determined by the defendant's presiding judge. The new system does not apply retroactively to Ohio inmates sentenced under the former sentencing scheme.

*Michael v. Ghee*, 498 F.3d 372, 373-74 (6th Cir. 2007)

*States v. Pickett,* 941 F.2d 411, 416 (6th Cir. 1991); *Austin v. Perini*, 434 F.2d 752 (6th Cir. 1970). Therefore, permitting an amendment to allege a speedy trial claim would serve no useful purpose in this case.

Petitioner's second motion "seeks to amend his petition following the Ohio Supreme Court's December 3, 2008 Dismissal of his Writ of Mandamus." (Doc. 11 at 1). Petitioner submitted a copy of his proposed Amended Petition on December 30, 2008. (Doc. 14). It appears petitioner seeks to add claims that his constitutional rights were violated when he was re-sentenced by the trial court in his absence, when the trial judge failed to consider exculpatory evidence during the resentencing proceeding, and where trial counsel rendered ineffective assistance of counsel. (Doc. 14 at 2-8).

The amendment of the petition should be denied because petitioner has failed to exhaust his state court remedies on these claims. An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). Petitioner admits he did not file a direct appeal in the Ohio Court of Appeals. (Doc. 1 at 6, 7). Because petitioner may still file a motion for delayed appeal in the state appellate court, he still has an avenue open to him in the state courts by which he may present the claims. *See* Ohio App. R. 5(A).[6] Therefore, the motion

---

[6] The Supreme Court has determined that the *granting* of a delayed appeal motion before a defendant has sought federal habeas review restores the pendency of the direct appeal, thereby rendering the conviction non-final under § 2244(d)(1)(A) for purposes of the statute of limitations. *See Jimenez v. Quarterman,* 129 S.Ct. 681 (2009). In the event a motion for delayed appeal is denied, however, it may only toll the running of the statute of limitations that has not yet expired under 28 U.S.C. § 2244(d)(2). *See Blackwell v. Warden, Lebanon Correction Inst.*, No. 1:08-cv-158, 2009 WL 764638, at *7 n.7 (S.D. Ohio March 20, 2009) (Barrett, J.). The Court declines to opine on the effect of any such motion petitioner may choose to file in the state court on any subsequent habeas petition.

to amend the complaint should be denied.

**IV. PETITIONER'S "AMENDED PETITION II FOR WRIT OF HABEAS CORPUS" FILED ON MAY 14, 2009 SHOULD BE CONSTRUED AS A MOTION FOR RELIEF FROM JUDGMENT AND DENIED.**

On May 14, 2009, petitioner filed a document styled "Amended Petition II for Writ of Habeas Corpus." (Doc. 20). Petitioner requests "the district court to vacate its June 7, 2005 order" granting a writ of habeas corpus and ordering the state court to retry petitioner or alternatively to modify petitioner's conviction to burglary and impose the appropriate sentence for the crime of burglary. Petitioner argues that when the government failed to meet its burden of proof on the aggravated burglary charge, the "only justified remedy was an acquittal" because a retrial would violate his right against double jeopardy. (Doc. 20 at 8).

Although petitioner styles his document as an amended petition for a writ of habeas corpus, he has not moved to amend the petition nor shown that an amendment is appropriate. He seeks to bring a claim that is totally independent from his challenge to the state court's imposition of incarceration upon re-sentencing. The relief petitioner seeks, that the Court vacate its previous habeas corpus order, is in reality a request for relief from judgment under Fed. R. Civ. P. 60(b). Because petitioner is proceeding *pro se*, the Court shall construe his "Amended Petition II" as a motion for relief from judgment.[7]

The Court may provide relief from a final judgment or order under Rule 60(b), Fed. R. Civ. P., "for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or

---

[7] In fact, it appears this may have been petitioner's intent in filing this document. *See* Doc. 20 at page 13.

extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reasons justifying relief from the operation of the judgment."

To the extent petitioner may be seeking relief pursuant to subsections (b)(1), (2), or (3) of Rule 60(b), his motion was filed more than one year after the entry of the Court's June 2005 judgment. Therefore, his motion for relief from judgment under those subsections is time-barred. *See* Rule 60(c)(1) (motions under subsections (1), (2), and (3) must be filed "no more than a year after the entry of the judgment or order").

To the extent petitioner seeks relief under Rule 60(b)(4), (5), or (6), his motion is still untimely. A motion under these subsections must be filed within "a reasonable time," a requirement that is dependent upon the facts of each case. *See Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899, 906 (6th Cir. 2006). Petitioner bears the burden of showing compliance with the provisions of Rule 60(b). *In re Salem Mortgage Co.*, 791 F.2d 456, 459 (6th Cir. 1986). Petitioner fails to explain why he waited five years before seeking relief from the judgment in his original habeas case. Therefore, he fails to meet his burden of showing timeliness under the rule.

In any event, petitioner's double jeopardy claim is without merit. Petitioner argues that a retrial after the grant of habeas relief would violate his right to be free from double jeopardy. (Doc. 20, citing *Burks v. United States*, 437 U.S. 1 (1978)).

It is well-settled that "the Double Jeopardy Clause's general prohibition against successive prosecutions does not prevent the government from retrying a defendant who succeeds in getting his first conviction set aside, through direct appeal or collateral attack,

because of some error in the proceedings leading to conviction." *Lockhart v. Nelson,* 488 U.S. 33, 38 (1988) (citing *Ball v. United States*, 163 U.S. 662 (1896), and *United States v. Tateo,* 377 U.S. 463 (1964)).  An exception to this general rule is where the defendant's conviction is reversed by an appellate court on the sole ground that the evidence was insufficient to sustain the jury's verdict. *Burks v. United States,* 437 U.S. 1, 17-18 (1978).  This exception is premised on the principle that "an appellate court's reversal for insufficiency of the evidence is in effect a determination that the government's case against the defendant was so lacking that the trial court should have entered a judgment of acquittal, rather than submitting the case to the jury." *Lockhart,* 488 U.S. at 38 (citing *Burks,* 437 U.S. at 16-17).

In the instant case, after the grant of federal habeas corpus relief, petitioner was not retried on the aggravated burglary offense.  Rather, the state court imposed the alternative remedy posed by the Court: a conviction and sentence on the lesser included offense of burglary.  There simply was no retrial and no violation of petitioner's double jeopardy rights.

Moreover, double jeopardy does not bar prosecution for a lesser included offense "after a conviction on the greater offense was reversed for insufficient evidence of an aggravating element." *Shute v. Texas*, 117 F.3d 233, 235 (5th Cir. 1997).  *See Anderson v. Mullin*, 327 F.3d 1148, 1157 (10th Cir. 2003) (double jeopardy no bar to prosecution for lesser included offense of second degree burglary after reversal of first degree burglary conviction based solely and expressly upon finding of insufficient evidence as to the element distinguishing first and second degree burglary); *United States v. Dinkane*, 17 F.3d 1192, 1198-99 (9th Cir. 1994) (trial court may enter a judgment of conviction for lesser-included unarmed bank robbery where evidence was insufficient to support actual conviction for greater offense of armed bank robbery); *Losey v.*

11

*Frank*, 268 F. Supp.2d 1066, 1074-75 (W.D. Wisc. 2003) (same); *Dickenson v. Israel*, 482 F.Supp. 1223, 1226 (E.D. Wis. 1980) (same), *aff'd*, 644 F.2d 308, 309 (7th Cir. 1981) (adopting decision of district court as opinion of court of appeals). Thus, while there was insufficient evidence to support the aggravated burglary element that someone was present or likely to be present in the burglarized structure at the time of the offense, *see Hargrove*, 2005 WL 1379098, at *8, there was sufficient evidence supporting petitioner's conviction on the lesser included offense of burglary. The Double Jeopardy Clause does not prohibit the entry of judgment of conviction on the lesser-included charge of burglary. *See Losey*, 268 F. Supp.2d at 1074 (and cases cited therein).

Therefore, petitioner's basis for relief from the previous judgment of the Court is without merit and should be denied.

## V. PETITIONER'S MOTIONS FOR STAY OF STATE COURT PROCEEDINGS AND FOR SUMMARY JUDGMENT SHOULD BE DENIED.

Petitioner's motion for stay of state court proceedings sought a stay of the plea and trial proceedings set for March 24, 2009. (Doc. 19). However, petitioner's motion was not received by the Court until March 25, 2009, after the date scheduled for the state court proceeding. Therefore, the Court was unable to grant the relief sought by petitioner. Moreover, petitioner failed to present any factual or legal justification for the stay. Finally, his subsequent guilty plea rendered any stay of the state court proceedings moot. Therefore, his motion for stay should be denied.

Petitioner's motion for summary judgment seeks an order granting a writ of habeas corpus on the basis that respondent failed to timely respond to the Court's show cause order. (Doc. 18). However, respondent sought and was granted two extensions of time to respond to

the Court's Order. (Docs. 13, 16). Petitioner's remaining arguments have been disposed of above and do not warrant summary judgment on his behalf. Accordingly, petitioner's motion for summary judgment is without merit and should be denied.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Respondent's motion to dismiss (Doc. 17) be **GRANTED** and the petition be **DENIED** with prejudice.

2. Petitioner's motions to amend the petition (Docs. 9, 11) be **DENIED**.

3. Petitioner's "Amended Petition II for Writ of Habeas Corpus" filed on May 14, 2009 (Doc. 20) be construed as a motion for relief from judgment and **DENIED**.

4. Petitioner's motions to stay state court proceeding and for summary judgment (Docs. 18, 19) be **DENIED.**

5. A certificate of appealability should not issue because petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims raised in the petition. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

6. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith" and, therefore, **DENY** petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 8/25/2009                               s/Timothy S. Black
                                              Timothy S. Black
                                              United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JUDAH HARGROVE,<br>　　Petitioner, | Civil Action No. 1:08-cv-669 |
| vs. | Spiegel, J.<br>Black, M.J. |
| OHIO DEPARTMENT OF<br>REHABILITATION AND CORRECTION,<br>　　Respondent. | |

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action brought under 28 U.S.C. § 2254. Any party may object to the Magistrate Judge's Report and Recommendation **within TEN DAYS** of the filing date of this R&R. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s)  Any response by an opposing party to the written objections shall be filed **within TEN DAYS** after the opposing party has been served with the objections. A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).