```
                     UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF OHIO
                           WESTERN DIVISION
```

JUDAH HARGROVE,                :    NO. 1:08-CV-00669
                               :
      Petitioner,          :
                               :
           v.               :    **OPINION AND ORDER**
                               :
OHIO DEPARTMENT OF             :
REHABILITATION AND CORRECTION, :
                               :
      Respondent.          :
                               :

This matter is before the Court on the Magistrate Judge's Report and Recommendation (doc. 21), and Petitioner's Objections (doc. 28). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation, DENIES Petitioner's Objections, GRANTS Respondent's Motion to Dismiss, DENIES Petitioner's Motions to Amend the Petition, DENIES Petitioner's "Amended Petition II for Writ of Habeas Corpus," and DENIES Petitioner's Motions to Stay Court Proceedings and for Summary Judgment.

**I. Background**

The Hamilton County Ohio Grand Jury indicted Petitioner in April 1996 on one count of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(3) and one count of drug abuse as defined in Ohio Rev. Code § 2925.11(A) (doc. 17). After a jury trial, Petitioner was found guilty as charged, and on October 29, 1996, the court sentenced Petitioner to consecutive terms of ten to

twenty-five years for aggravated burglary and two years for drug abuse to be served consecutively (Id.). The state appeals court affirmed the trial court's judgment, and Petitioner did not timely appeal to the Ohio Supreme Court (Id.). The Ohio Supreme Court ultimately dismissed Petitioner's later pro se application to reopen his appeal based on ineffective assistance of appellate counsel, finding no substantial constitutional question at issue (Id.).

In January 2000, with the assistance of counsel, Petitioner filed a federal petition for habeas corpus before this Court, challenging the sufficiency of evidence on his aggravated robbery conviction. Hargrove v. Haviland, Case No. 1:02-CV-00703, 2005 WL 1379093, at *1-3 (S.D. Ohio Feb. 16, 2005). The Court dismissed the petition without prejudice for failure of exhaustion of remedies (Id.). After Petitioner exhausted his remedies, he refiled his Petition, which the Magistrate Judge recommended the Court grant unless the state court would retry Petitioner on the charge of aggravated burglary or modify such conviction and impose a sentence for burglary (Id.). Essentially, the Magistrate Judge reported that in a burglary case, the state must only prove that 1) the structure trespassed upon was either a permanent or temporary habitation, or 2) that it was a structure in which a person was likely to be present (Id.). However, in an aggravated burglary case, the state must prove both (Id.). In Petitioner's case, the

Magistrate Judge found no evidence showing a person likely to be present in the structure, such that the aggravated burglary conviction could not stand (Id.). This Court adopted the Magistrate Judge's Report and Recommendation on June 7, 2005. Hargrove v. Haviland, Case No. 1:02-CV-00703, 2005 U.S. Dist. LEXIS 11013 (S.D. Ohio June 8, 2005).

In response to this Court's Order, the Hamilton County Court of Common Pleas resentenced Petitioner, without his being present, reducing his sentence on Count One to a term of five to fifteen years of incarceration (doc. 17). Later, in April 2006, the court specifically indicated that Count One, originally charged as aggravated burglary, had been reduced to the lesser-included offense of burglary (Id.). Petitioner did not appeal this sentence (Id.).

The state granted Petitioner early release from prison on December 11, 2006, and placed him on parole for one year, under the supervision of the Ohio Adult Parole Authority ("APA") (Id.). Petitioner violated his parole, and the APA notified Petitioner of a violations hearing scheduled for June 20, 2007 (Id.). However, before such hearing, on June 1, 2007, the APA declared Petitioner a "violator at large," and issued notice of Petitioner's status to the Butler County Prosecutor (Id.). On August 15, 2007, a Butler County Grand Jury indicted Petitioner on one count of Escape in violation of Ohio law (Id.).

On August 20, 2007, the Ohio Adult Parole Authority notified Petitioner that his release violation hearing was rescheduled for September 4, 2007 (Id.). Petitioner appeared at such hearing, after which his parole was revoked and he was ordered returned to prison for post-revocation hearing (Id.).

On September 26, 2008, Petitioner filed the instant Petition with two grounds of relief, 1) "his placement under post-release after his release from prison on Dec. 11, 2006 is illegal" based on his absence at resentencing, and 2) "the detainers imposed upon him by the Dept. Of Rehab. & Corrs. are illegal and prevent him from posting bail" (doc. 1). On February 25, 2009, Respondent filed its motion to dismiss, contending that Petitioner's claims are "patently meritless or unexhausted," and that his petition should be dismissed (doc. 17). Finally, on July 29, 2009, Petitioner pled guilty to the escape charge. State of Ohio v. Hargrove, CR 2007-08-1356 (Butler County Common Pleas, July 29, 2009).

On August 25, 2009, The Magistrate Judge reviewed both grounds in Petitioner's Petition and found them without merit (doc. 21). As such, the Magistrate Judge recommended that the Court should grant Respondent's motion to dimiss (doc. 17) and deny Petitioner's original Petition (Id.). The Magistrate Judge further recommended the Court should deny Petitioner's Motions to Amend the Petition (docs. 9, 11) as futile due to Petitioner's guilty plea on

4

the escape charge and for failure to exhaust state court remedies (Id.). The Magistrate Judge further recommended the Court construe Petitioner's "Amended Petition II for Writ of Habeas Corpus" (doc. 20) as a request for Relief from Judgment under Fed. R. Civ. P. 60 and deny such motion as untimely and without merit (Id.). Next, the Magistrate Judge recommended that Petitioner's Motion for Stay of State Court Proceedings be denied as without justification and rendered moot by his guilty plea, and that Petitioner's Motion for Summary Judgment be denied as without merit (Id.). Petitioner filed his objections to the Magistrate Judge's Report and Recommendation on October 15, 2009, such that this matter is ripe for the Court's consideration (doc. 28). A more detailed summary of the Report and Recommendation and the related filings follows.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge found that Petitioner's first ground for relief is based on the premise that the state court lacked jurisdiction to sentence him because the court violated his right of allocution when it resentenced him in absentia (doc. 21). In Petitioner's view, because the court lacked jurisdiction, the Ohio Department of Rehabilitation and the Ohio Adult Parole Authority similarly lacked jurisdiction to return him to prison for any parole violation (Id.).

The Magistrate Judge noted that Petitioner has failed to exhaust such claim by filing a direct appeal following his

5

resentencing, but that in any event, there is no constitutional right to allocution before resentencing (Id. citing Pasquarille v. United States, 130 F.3d 1220, 1223 (6th Cir. 1997)(no constitutional right to allocution at resentencing, and no right under Section 2255 to be present and to allocate at resentencing)). As Petitioner's claims are based on a perceived error of state procedural law, the Magistrate Judge further found them not cognizable in a habeas corpus proceeding (Id. citing Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).

The Magistrate Judge found Petitioner's second ground for relief, concerning the detainers imposed upon Petitioner, based on the mistaken belief that Petitioner was subject to post-release control, and not parole, after his resentencing (Id.). The Magistrate Judge opined that Petitioner was not eligible to serve on post-release control since the underlying crimes upon which he was convicted and sentenced were committed prior to July 1, 1996, the effective date of the amendments to Ohio's sentencing statute (Id. citing Am. Sub. S.B. No. 2, 146 Ohio Laws, Part IV, 7136, 7573; State v. Thompson, 102 Ohio St.3d 287, 289, 809 N.E.2d 1134, 1136 (2004)). Because Petitioner's status as a "parolee" is dependent on the date of the commission of his underlying defenses, Ohio Revised Code § 2967.021, and because Petitioner committed his crimes before July 1, 1996, the Magistrate Judge found Petitioner's indeterminate sentence in accordance with the pre-July 1, 1996

6

statute (Id.). As such, Petitioner was placed on "parole" when released from prison on December 11, 2006, and the Magistrate Judge concluded the amended sentencing provisions providing for post-release control are inapplicable and do not implicate Petitioner's re-sentencing or the punishment he received for violating his parole (Id.). For all of these reasons, the Magistrate Judge found grounds one and two of Petitioner's Petition without merit and recommended that the Court should deny such Petitioner habeas relief (Id.).

The Magistrate Judge next addressed a number of pending motions Petitioner has filed in this matter (Id.). First, the Magistrate Judge addressed Petitioner's first proposed amendment, (doc. 9), proposing to add a claim alleging the denial of the right to a speedy trial based on the Butler County, Ohio escape indictment (Id.). The Magistrate Judge found such proposed amendment should be denied as futile in the light of Petitioner's guilty plea, which forecloses the speedy trial claim Petitioner seeks to bring (Id. citing United States v. Broce, 488 U.S. 563, 569 (1989)). As for Petitioner's second motion (doc. 11), the Magistrate Judge reported it appears Petitioner seeks to amend his petition to add claims that his constitutional rights were violated when he was re-sentenced by the court in his absence, when the trial judge failed to consider exculpatory evidence during the resentencing proceeding, and where his trial counsel allegedly

7

rendered ineffective assistance of counsel (Id.). The Magistrate Judge found that Petitioner's proposed amendment should be denied because he has failed to exhaust his state court remedies on all such claims (Id. citing 28 U.S.C. § 2254(b)(1)). The Magistrate Judge further noted that because Petitioner may still file a motion for delayed appeal in the state appellate court, he still has an avenue open to him in the state courts by which he may present the claims (Id. citing Ohio App. R. 5(A)). Therefore, the Magistrate Judge recommended that the Court should deny Petitioner's motion to amend his complaint (Id.).

Petitioner also filed an "Amended Petition II for Writ of Habeas Corpus" on May 14, 2009, which requests that "the district court vacate its June 7, 2005 order" granting a writ of habeas corpus and ordering the state court to retry Petitioner or alternatively modify his conviction to burglary and impose the appropriate sentence (doc. 20). Petitioner argues that when the government failed to meet its burden of proof on the aggravated burglary charge, the "only justifiable remedy was an acquittal" because a retrial would violate his right against double jeopardy (Id.).

The Magistrate Judge found that Petitioner's motion is in fact a motion to vacate the Court's previous Order, and as such, should be construed as a request for relief from judgment under Fed. R. Civ. P. 60(b) (doc. 21). The Magistrate Judge found that

because Petitioner filed his motion in May 2009, nearly four years after the entry of the Court's Order, and provided no explanation for his delay, Petitioner failed to file such motion within a reasonable time (Id.). To the extent that Petitioner seeks relief pursuant to Rule 60 subsections (b)(1), (2), or (3), the Magistrate Judge found such relief barred by the one-year filing requirement of Rule 60(c)(1) (Id.). In any event, the Magistrate Judge found Petitioner's double jeopardy without merit because he was never retried on the aggravated burglarly offense, and moreover, double jeopardy does not bar prosecution for a lesser-included offense in circumstances where a conviction on the greater offense was reversed for insufficient evidence of an aggravating element (Id. citing Shute v. Texas, 117 F.3d 233, 235 (5th Cir. 1997)). As such, the Magistrate Judge found Petitioner's double jeopardy claim without merit (Id.).

Finally, the Magistrate Judge addressed Petitioner's Motions for Stay of Court Proceedings (doc. 19), and for Summary Judgment (doc. 18). The Magistrate Judge found that Petitioner's motion was not received by the Court until March 25, 2009, after the proceedings set for March 24, 2009, and therefore the Court was unable to grant the relief Petitioner sought (doc. 21). Moreover, the Magistrate Judge found that Petitioner provided no factual or legal justification for his request, and that his ultimate guilty plea rendered any stay of the state court proceedings moot (Id.).

9

As for Petitioner's Motion for Summary Judgment, the Magistrate Judge found it principally based on Respondent's alleged failure to timely respond to the Court's show cause order (doc. 18). However, the Magistrate Judge noted that Respondent sought and was granted two extensions of time to respond to the Court's Order, such that Petitioner's motion, to the extent that its remaining arguments were not already disposed of above, does not warrant summary judgment based on Respondent's alleged lack of a timely response (Id.).

**III. Discussion**

Although the Court finds Petitioner's pro se Objections difficult to decipher, it finds that Petitioner has raised essentially two core arguments in response to the Magistrate Judge's Report and Recommendation (doc. 28). First, after questioning the Magistrate Judge's "contention that Hargrove totally failed to utilize available state court remedies," Hargrove devotes nearly nine pages of writing to a Wainwright v. Sykes, 433 U.S. 72 (1977) analysis of how in his view there was cause for his default and actual prejudice such that his habeas petition merits review (Id.). Second, Petitioner argues that double jeopardy applies, warranting relief from the Court's June 7, 2005 Order (Id.).

The Court does not find Petitioner's reading of the Magistrate Judge's Report and Recommendation correct. Petitioner

mischaracterizes the Magistrate Judge's finding that Petitioner failed to exhaust his state remedies, with his contention that the Magistrate Judge failed to recognize Petitioner's having sought mandamus relief from the Ohio Supreme Court. This is not the case. Petitioner's actions in seeking mandamus relief simply do not constitute the requisite exhaustion of state remedies as required by the habeas statute. 28 U.S.C. § 2254. In the Sixth Circuit, "[a] state prisoner must present the substance of every claim he intends to assert in a habeas petition to all levels of state review before filing in federal court." Williams v. Abshire, 822 F.2d 60 (6th Cir. 1987) citing Franklin v. Rose, 811 F.2d 322 (6th Cir. 1987). Petitioner filed no direct appeal in the Ohio Court of Appeals, and as the Magistrate Judge noted, Petitioner still has an avenue open to him in the state courts as he may file a motion for delayed appeal. For these reasons, Petitioner has not exhausted his state remedies, and the Court need not reach the "cause and prejudice" standard of Wainwright v. Sykes. Williams, 822 F.2d 60.

The Court further finds no merit to Petitioner's double jeopardy claim, which is time-barred for the reasons indicated by the Magistrate Judge. In an abundance of caution and out of respect for Petitioner's pro se efforts at stating his case, the Court has nonetheless reviewed Petitioner's arguments. The Court finds such arguments lacking in merit. The Fifth Amendment double

jeopardy clause has been held to encompass three protections, 1) it protects against a second prosecution for the same offense after acquittal, 2) it protects against a second prosecution for the same offense after conviction, and 3) it protects against multiple punishments for the same offense. Brown v. Ohio, 432 U.S. 161, 165 (1977)(citing North Carolina v. Pearce, 395 U.S. 711, 717 (1969)). Here, Petitioner was not subjected to successive prosecution for aggravated burglary. Nor has Petitioner been subjected to multiple punishments. Rather, the court resentenced him after a conviction of a lesser-included offense, burglary, the elements for which a jury found him guilty beyond a reasonable doubt. Petitioner did not receive multiple punishments, but a reduced punishment. There is no violation of Petitioner's double jeopardy rights here. The Court further finds the Magistrate Judge's citation to Shute v. Texas, 117 F.3d 233 (5th Cir. 1997) correct. The Shute court properly found that double jeopardy did not bar prosecution for a lesser-included offense "after a conviction on the greater offense was reversed for insufficient evidence of an aggravating element." 117 F.3d at 235.[1]

---

[1] Citing Beverly v. Jones, 854 F.2d 412, 416 (11th Cir. 1988), the Shute court noted that unlike a case in which the state was presented with multiple opportunities to convict and punish an individual for a single offense, at his request, the defendant was given another chance to rebut the state's evidence that he committed the lesser-included offense even though the state had already obtained a conviction for that offense. 117 F.3d at 239.

Petitioner questions the Magistrate Judge's reliance on <u>Shute</u> and related authorities by arguing it is inconsistent with Ohio law and with <u>United States v. Schuster</u>, 769 F.2d 337 (6th Cir. 1985). Petitioner argues that <u>Schuster</u> held "that a valid claim of evidentiary insufficiency bars subsequent prosecution for the lesser included offence where the lesser included offence was not included at the first trial." Even if Petitioner's reading of <u>Schuster</u> were correct, and it is not, there were no successive trials in this matter, rendering Petitioner's theory ineffective.[2] Moreover, Petitioner invokes Ohio Revised Code § 2943.09, arguing that it conflicts with the Magistrate Judge's conclusion. Such section states:

> When a defendant has been convicted or acquitted, or has been once in jeopardy upon an indictment or information, the conviction, acquittal, or jeopardy is a bar to

---

[2] <u>Schuster</u>, citing <u>Brown v. Ohio</u>, 432 U.S. 161 (1977), noted that a defendant cannot be prosecuted for a greater offense after conviction or acquittal of the lesser included offense, a set of facts distinct and nearly opposite from those in the case at bar. Moreover, the defendant in <u>Schuster</u> contended that his continuing criminal enterprise conviction in violation of 21 U.S.C. § 848, imposed by a jury after he entered pleas of guilty to charges of conspiracy to import and distribute marijauna in violation of 21 U.S.C. §§ 963 and 846, violated his right against double jeopardy. The Court rejected defendant's argument, noting that consecutive determinations in a single trial do not come within the double jeopardy clause protection against repetitious litigation. However, because Congress did not intend to allow cumulative punishment for violation of Sections 846 and 848 the Sixth Circuit remanded the matter to the district court to vacate the convictions for conspiracy and merge them into the continuing criminal enterprise offense. The case at bar does not involve the statutory sections at issue in <u>Schuster</u>, nor any guilty plea by the Defendant.

> another indictment or information for the offense charged in the former indictment or information, or for an attempt to commit the same offense, or for an offense necessarily included therein, of which he might have been convicted under the former indictment or information.

Ohio Rev. Code § 2943.09 (2010). Notwithstanding the fact that Petitioner never exhausted any claim based on this provision in the Ohio Courts, such provision is consistent with the Magistrate Judge's Report and Recommendation. There was no second indictment or information in Petitioner's case, no retrial, but only a resentencing for a lesser-included offense. The state court's action was consistent with Ohio Revised Code § 2943.09.

The Court further finds well-taken the Magistrate Judge's analysis as to Petitioner's Motions for Stay of Court Proceedings (doc. 19), and for Summary Judgment (doc. 18). Consequently, the Court adopts the Magistrate Judge's recommendation as to such motions. Finally, the Court notes that Petitioner filed a Motion for Relief from Judgment on November 17, 2009, (doc. 30), which appears to have been misfiled in this Court, and which was apparently provided only as a courtesy copy of Petitioner's filing in the Hamilton County Court of Common Pleas. Such Motion raises no new issues for this Court's review. As such, the Court DENIES such motion without prejudice to any refiling in state court.

**IV. Conclusion**

Having reviewed this matter de novo, the Court concludes that the Report and Recommendation of the Magistrate Judge is

14

thorough, well-reasoned, and correct. The Court finds Petitioner's objections without merit.

Accordingly, the Court GRANTS Respondent's Motion to Dismiss (doc. 17), DENIES Petitioner's Petition (doc. 1) with prejudice, DENIES Petitioner's Motions to Amend the Petition (docs. 9, 11), DENIES Petitioner's "Amended Petition II for Writ of Habeas Corpus" (doc. 20) which it construes as a motion for relief from judgment, and DENIES Petitioner's motions to stay court proceedings and for summary judgment (docs. 18, 19). Today's Order renders moot Petitioner's pending Motion for Ruling (doc. 22). The Court further DENIES and DISMISSES without prejudice to refiling Petitioner's Motion for Relief from Judgment (doc. 30). The Court FINDS that a certificate of appealability should not issue because Petitioner has failed to make a substantial showing of the denial of a constitutional right based on the claims raised in the petition. 28 U.S.C. § 2253(c), Fed. R. App. P. 22(b). Finally, the Court CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal <u>in forma pauperis</u> upon a showing of financial necessity. Fed. R. App. P. 24(a); <u>Kincade v. Sparkman</u>, 117 F.3d 949, 952 (6th Cir. 1997).

SO ORDERED.

Dated: February 2, 2010   /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge